UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER EARL HAWKINS,<br><br>   Plaintiff,<br><br>   v.<br><br>S. IBARRA, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-00009 AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR SCREENING (ECF No. 2.)<br><br>SCREENING ORDER REQUIRING PLAINTIFF TO EITHER FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I.   Screening Requirement and Standard

Plaintiff Homer Earl Hawkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 14, 2012, in the Fresno County Superior Court. Defendants were served with a copy of the summons and complaint on December 4, 2013, and removed the action to this Court on January 2, 2014. (ECF No. 1.) On the same date, Defendants requested that the Court screen Plaintiff's complaint under 28 U.S.C. § 1915A and waived their right to reply. (ECF No. 2.) Defendants' request for screening is HEREBY GRANTED.

Plaintiff's complaint, filed on December 14, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California.  The events alleged in the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP").  Plaintiff names the following defendants:  (1) Correctional Officer S. Ibarra; (2) Correctional Officer D. Sweeney; (3) Two Correctional Sergeant Doe Defendants; and (4) Three Higher Administrative Doe Defendants.

///
///

Cause of Action 1

On June 24, 2012, Plaintiff was on his way to get his I.D. out of his cell so that he could receive his medication.  Defendant Ibarra ordered Plaintiff to get out and, because Plaintiff did not move fast enough, Defendant Ibarra pepper sprayed Plaintiff in the face and eyes and started "conbatton" against Plaintiff's spine and legs.  While Plaintiff was on the ground and blind, he felt more hits and he could not move.  Plaintiff was dragged to the medical building where a nurse said he was bleeding on the floor where he was dropped.  Plaintiff alleges that the use of pepper spray was an unauthorized use of excessive force in violation of the Eighth Amendment.  Plaintiff further alleges that higher administrative staff condoned the use of excessive force.  Higher administrative staff also did not want the unauthorized use of force to be known because it would require prison staff to conduct a video-taped interview of his injury within 48 hours as required by regulations.  Plaintiff alleges that the videotaped interview was never done and suggests that the incident occurred because he had civil litigation against Defendants' colleagues in Fresno County Superior Court.

Cause of Action 2

Although not entirely clear, Plaintiff appears to allege that Defendant Sweeney violated his Fourteenth Amendment rights by orchestrating a charge against Plaintiff involving a manufactured weapon on June 24, 2012.  (ECF No. 1-2, p. 8.)

Relief

Plaintiff's seeks punitive damages.

**III.     Discussion**

**A.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96

S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link the Two Correctional Sergeant Doe Defendants to any alleged constitutional violation. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each defendant did that resulted in a violation of his rights.

### B.  Doe Defendants

Plaintiff has asserted allegations against Two Correctional Sergeant Doe Defendants and against Three Higher Administrative Doe Defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### C.  Eighth Amendment – Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178

1  (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th
2  Cir. 2002).

3      At the pleading stage, Plaintiff's allegations state a cognizable claim against Defendant S.
4  Ibarra for excessive force when he sprayed Plaintiff in the face and eyes with pepper spray and hit him
5  with a baton. However, Plaintiff fails to state an excessive force claim against any other defendants.

### D. Supervisory Liability

7      The exact nature of Plaintiff's claims against "Higher-Ranking prison officials" or "Higher
8  Administrative" staff is unclear. Plaintiff appears to allege that higher administrative staff condoned
9  the use of excessive force and did not want the unauthorized use of force to be known because it
10 would require prison staff to conduct a video-taped interview of Plaintiff's injury within 48 hours as
11 required by regulations.

12     To the extent Plaintiff seeks to impose liability on prison officials based on their supervisory
13 roles, he may not do so. Supervisory personnel may not be held liable under section 1983 for the
14 actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v.
15 Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab.,
16 726 F.3d 1062, 1074–75 (9th Cir. 2013); Moss, 711 F.3d at 967–68; Lacey v. Maricopa County, 693
17 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is
18 personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection
19 between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977
20 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–
21 75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt
22 personal participation in the offensive act if supervisory officials implement a policy so deficient that
23 the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional
24 violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))
25 (internal quotation marks omitted).

26     Plaintiff has not alleged that the Three Higher Administrative Doe Defendants were personally
27 involved the constitutional deprivation or they instituted deficient policies. Plaintiff will be given leave
28 to cure this deficiency.

### E. Retaliation

Plaintiff appears to assert that the alleged excessive force occurred because he had civil litigation against Defendants' colleagues in Fresno County Superior Court.

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

Plaintiff's allegations are conclusory and fail to identify the persons responsible for the alleged retaliation. Plaintiff also fails to plead facts sufficient to state a retaliation claim. For instance, Plaintiff fails to allege any facts surrounding the pending litigation or how defendants knew of or were aware of such litigation. Plaintiff will be given leave to cure these deficiencies.

### F. Fourteenth Amendment – False Disciplinary Charges

Plaintiff appears to allege that Defendant Sweeney violated his rights by preparing a false disciplinary charge. An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1874). See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997) (retaliation); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984) (finding that an allegation that a prison guard planted false evidence which

implicated an inmate in a disciplinary infraction failed to state a claim for which relief can be granted where procedural due process protections are provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D. Cal. Jan.20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D. Cal. Jan.8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

Here, Plaintiff has not claimed that the allegedly false disciplinary charge was done in retaliation for the exercise of his constitutional rights. Further, Plaintiff does not claim that he was denied any procedural due process protections. Accordingly, Plaintiff has failed to state a cognizable claim based on the allegedly false disciplinary charge. Plaintiff will be given leave to cure this deficiency.

**IV.    Conclusion and Order**

Plaintiff has stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant S. Ibarra, but fails to state any other cognizable claims. The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff amends his complaint, he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only against Defendant S. Ibarra for excessive force, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim. The remaining claims will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff chooses to file a first amended complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File a first amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only against Defendant Ibarra for excessive force in violation of the Eighth Amendment; and

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:   **August 14, 2014**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE