1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER EARL HAWKINS, | ) 1:14-cv-00009-AWI-BAM (PC) |
| Plaintiff, | ) ORDER DISREGARDING FIRST |
| | ) AMENDED COMPLAINT (ECF No. 14) |
| v. | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| S. IBARRA, et al., | ) REGARDING DISMISSAL OF CERTAIN |
| | ) CLAIMS AND DEFENDANTS |
| Defendants. | ) (ECF Nos. 1, 12, 13, 16) |
| | ) |
| | ) FOURTEEN-DAY DEADLINE |

### Findings and Recommendations Following Screening

**I.     Background**

Plaintiff Homer Earl Hawkins ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was removed to this Court on January 2, 2014.  On August 15, 2014, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it stated a cognizable claim against Defendant S. Ibarra for excessive force in violation of the Eighth Amendment.  However, the Court also determined that Plaintiff could not proceed with his retaliation claim or Fourteenth Amendment claim and failed to state a claim against Defendant Sweeney or the Doe Defendants.  The Court directed Plaintiff to either file a first amended complaint or notify the Court in writing that he did not wish to file a first amended complaint.  (ECF No. 12.)

On September 5, 2014, Plaintiff filed a notice of dismissal of the remaining defendants and Does in this action, but also filed a first amended complaint.  (ECF Nos. 13, 14.)  On

October 2, 2014, the Court directed Plaintiff to clarify his intention.  (ECF No. 15.)  On October 14, 2014, Plaintiff clarified that he wished to dismiss Defendant Sweeney and the Doe Defendants and proceed on the original complaint against Defendant Ibarra.  (ECF No. 16.) Based on Plaintiff's notice of clarification, Plaintiff's first amended complaint, filed on September 5, 2014, shall be disregarded and the Court issues the following Findings and Recommendations.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

2

consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California.  The events alleged in the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP").  Plaintiff names the following defendants:  (1) Correctional Officer S. Ibarra; (2) Correctional Officer D. Sweeney; (3) Two Correctional Sergeant Doe Defendants; and (4) Three Higher Administrative Doe Defendants.

Cause of Action 1

On June 24, 2012, Plaintiff was on his way to get his I.D. out of his cell so that he could receive his medication.  Defendant Ibarra ordered Plaintiff to get out and, because Plaintiff did not move fast enough, Defendant Ibarra pepper sprayed Plaintiff in the face and eyes and started "conbatton" against Plaintiff's spine and legs.  While Plaintiff was on the ground and blind, he felt more hits and he could not move.  Plaintiff was dragged to the medical building where a nurse said he was bleeding on the floor where he was dropped.  Plaintiff alleges that the use of pepper spray was an unauthorized use of excessive force in violation of the Eighth Amendment. Plaintiff further alleges that higher administrative staff condoned the use of excessive force. Higher administrative staff also did not want the unauthorized use of force to be known because it would require prison staff to conduct a video-taped interview of his injury within 48 hours as required by regulations.  Plaintiff alleges that the videotaped interview was never done and suggests that the incident occurred because he had civil litigation against Defendants' colleagues in Fresno County Superior Court.

Cause of Action 2

Although not entirely clear, Plaintiff appears to allege that Defendant Sweeney violated his Fourteenth Amendment rights by orchestrating a charge against Plaintiff involving a manufactured weapon on June 24, 2012.  (ECF No. 1-2, p. 8.)

Relief

Plaintiff's seeks punitive damages.

### III.    Discussion

### A.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link the Two Correctional Sergeant Doe Defendants to any alleged constitutional violation.

### B.    Eighth Amendment – Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident,

1   Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks

2   omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

3          At the pleading stage, Plaintiff's allegations state a cognizable claim against Defendant S.

4   Ibarra for excessive force when he sprayed Plaintiff in the face and eyes with pepper spray and

5   hit him with a baton.  However, Plaintiff fails to state an excessive force claim against any other

6   defendants.

7          **C.      Supervisory Liability**

8          The exact nature of Plaintiff's claims against "Higher-Ranking prison officials" or

9   "Higher Administrative" staff is unclear.  Plaintiff appears to allege that higher administrative

10  staff condoned the use of excessive force and did not want the unauthorized use of force to be

11  known because it would require prison staff to conduct a video-taped interview of Plaintiff's

12  injury within 48 hours as required by regulations.

13         To the extent Plaintiff seeks to impose liability on prison officials based on their

14  supervisory roles, he may not do so.  Supervisory personnel may not be held liable under section

15  1983 for the actions of subordinate employees based on respondeat superior or vicarious liability.

16  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of

17  Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d

18  896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is

19  personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection

20  between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d

21  at (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at

22  915–16. "Under the latter theory, supervisory liability exists even without overt personal

23  participation in the offensive act if supervisory officials implement a policy so deficient that the

24  policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

25  violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))

26  (internal quotation marks omitted).

27         Plaintiff has not alleged that the Three Higher Administrative Doe Defendants were

28  personally involved the constitutional deprivation or they instituted deficient policies.

**D.      Retaliation**

Plaintiff appears to assert that the alleged excessive force occurred because he had civil litigation against Defendants' colleagues in Fresno County Superior Court.

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

Plaintiff's allegations are conclusory and fail to identify the persons responsible for the alleged retaliation.  Plaintiff also fails to plead facts sufficient to state a retaliation claim.  For instance, Plaintiff fails to allege any facts surrounding the pending litigation or how defendants knew of or were aware of such litigation.

**E.      Fourteenth Amendment – False Disciplinary Charges**

Plaintiff appears to allege that Defendant Sweeney violated his rights by preparing a false disciplinary charge.  An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1874). See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997) (retaliation);

Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984) (finding that an allegation that a prison guard planted false evidence which implicated an inmate in a disciplinary infraction failed to state a claim for which relief can be granted where procedural due process protections are provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D. Cal. Jan.20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D. Cal. Jan.8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

Here, Plaintiff has not claimed that the allegedly false disciplinary charge was done in retaliation for the exercise of his constitutional rights. Further, Plaintiff does not claim that he was denied any procedural due process protections. Accordingly, Plaintiff has failed to state a cognizable claim based on the allegedly false disciplinary charge.

### IV.   Conclusion and Recommendation

The Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant S. Ibarra, but fails to state any other cognizable claims. The Court therefore recommends that Plaintiff's retaliation and Fourteenth Amendment claims be dismissed, along with Defendant Sweeney and the Doe Defendants.

Plaintiff was provided with an opportunity to file a first amended complaint, but has opted to proceed on the cognizable claim for excessive force against Defendant S. Ibarra. As such, the Court does not recommend granting further leave to amend. Plaintiff's first amended complaint is HEREBY DISREGARDED.

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1.  This action proceed on Plaintiff's complaint, originally filed on December 14, 2012, against Defendant S. Ibarra for excessive force in violation of the Eighth Amendment;

2.  Plaintiff's retaliation and Fourteenth Amendment claims be dismissed from this action; and

3.  Defendant Sweeney and the Doe Defendants be dismissed from this action.

1       These Findings and Recommendations will be submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

3  fourteen (14) days after being served with these Findings and Recommendations, the parties may

4  file written objections with the Court. The document should be captioned "Objections to

5  Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file

6  objections within the specified time may waive the right to appeal the District Court's order.

7  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

Dated:   **October 16, 2014**           /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE