# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER EARL HAWKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>S. IBARRA, et al.,<br><br>        Defendants. | 1:14-cv-00009-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND COMPELLING DISCOVERY<br>(ECF No. 21)<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR DISCOVERY AS MOOT<br>(ECF No. 22) |

**I.    Background**

Plaintiff Homer Earl Hawkins ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed the action to this Court on January 2, 2014.

Following screening, on November 17, 2014, the Court ordered that this action proceed on Plaintiff's complaint against Defendant S. Ibarra for excessive force in violation of the Eighth Amendment. (ECF No. 18.) Defendant Ibarra answered the complaint on December 5, 2014. (ECF No. 19.)

On December 8, 2014, the Court issued a Discovery and Scheduling Order. Pursuant to that order, the deadline to complete discovery is August 8, 2015, and the dispositive motion deadline is October 19, 2015. (ECF No. 20.)

On January 12, 2015, Plaintiff filed a motion for discovery pursuant to Federal Rules of Civil Procedure 26 and 37.  (ECF No. 21, p. 1.)

On February 2, 2015, Defendant Ibarra filed a motion to strike Plaintiff's motion for discovery pursuant to Federal Rules of Civil Procedure 12(f).  Defendant Ibarra contends that Plaintiff failed to serve him with any discovery request prior to moving the Court to compel the discovery Plaintiff seeks.  (ECF Nos. 22, Declaration of Alicia Bower ¶ 3.)  Defendant Ibarra therefore requests that the Court strike Plaintiff's motion for discovery as improper and noncompliant with the Court's Discovery and Scheduling Order, the Federal Rules of Civil Procedure and the Eastern District Local Rules.  (ECF No. 22.)

**II.     Discussion**

Plaintiff seeks a court order compelling the production and inspection of documents. Federal Rule of Civil Procedure 37 provides that a party seeking discovery may move for an order compelling production and inspection where a party fails to respond to a discovery request. Fed. R. Civ. P. 37(a)(3)(B).  Here, Plaintiff did not serve Defendant Ibarra with any discovery request and Defendant Ibarra is not subject to the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). Fed. R. Civ. P. 26(a)(B)(iv).  As such, Plaintiff's motion to compel discovery is premature and, on that basis, shall be denied.

Although the Court's Discovery and Scheduling Order provides that discovery motions that do not comply with applicable rules will be stricken and may result in the imposition of sanctions, such measures do not appear warranted in this instance.  (ECF No. 20, p. 2.)  Rather, it appears that Plaintiff misunderstands the procedures for obtaining discovery.  As stated in the Court's Discovery and Scheduling Order, discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135.  Thereafter, responses to written discovery requests are due forty-five (45) days after the request is served.  (ECF No. 20, p. 1.)  Only if a discovery dispute arises or if a party fails to respond to discovery should a motion to compel be filed. Fed. R. Civ. P. 37; see also ECF No. 20, p. 2.)  Further, given the Court's determination that Plaintiff's motion compelling discovery is premature, Defendant's motion to strike is moot.

2

### III. Conclusion and Order

For the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery is HEREBY DENIED as premature; and
2. Defendant's motion to strike is DENIED as moot.

IT IS SO ORDERED.

Dated: **April 13, 2015**         /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE