# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER EARL HAWKINS,<br><br>    Plaintiff,<br><br> v.<br><br>S. IBARRA, et al.,<br><br>    Defendants. | 1:14-cv-00009-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF PLAINTIFF'S MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES (ECF No. 24)<br><br>FOURTEEN-DAY DEADLINE |

**I.     Background**

Plaintiff Homer Earl Hawkins ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant S. Ibarra for excessive force in violation of the Eighth Amendment to the United States Constitution.  The events in the complaint are alleged to have occurred at Pleasant Valley State Prison.

On February 13, 2015, Plaintiff filed a document entitled "Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures."  (ECF No. 24.)  Neither the nature of relief nor the basis for relief is sufficiently clear from Plaintiff's moving papers.  It appears that Plaintiff is attempting to obtain some form of injunctive relief related to his purported disabilities, medical care, and need for medical accessories.

1

**II.     Discussion**

A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Plaintiff's action concerns allegations against Defendant S. Ibarra for excessive force while Plaintiff was housed at Pleasant Valley State Prison. However, the request for injunctive relief appears to relate to Plaintiff's current conditions of confinement at the California Substance Abuse Treatment Facility. The Court thus lacks jurisdiction in this action to issue an order directed at personnel and staff at the California Substance Abuse Treatment Facility.

**III.    Conclusion and Recommendation**

Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 13, 2015**           /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE