# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOMER EARL HAWKINS, | ) | 1:14-cv-00009-AWI-BAM (PC) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT |
| v. | ) ) | (ECF No. 35) |
| S. IBARRA, et al., | ) ) | |
| Defendants. | ) ) ) | |

    Plaintiff Homer Earl Hawkins ("Plaintiff") is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action was removed to this Court on January 2, 2014. This action currently proceeds on Plaintiff's claim for excessive force in violation of the Eighth Amendment against Defendant Ibarra.

    On October 29, 2015, Plaintiff filed a motion for entry of default against Defendant Ibarra. Plaintiff argues that because Defendant Ibarra did not file and serve a motion for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies by the March 8, 2015 deadline for such a motion in this matter, Defendant Ibarra has defaulted and failed to comply with a court order. (ECF No. 35.)

    Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P.

55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991) (internal punctuation and citations omitted).

Entry of default is not appropriate here. Contrary to Plaintiff's assertions, Defendant Ibarra was not required to file any Rule 56 motion for summary judgment for failure to exhaust administrative remedies. Rather, filing such a motion is optional, depending on whether it is supported by the facts and laws relevant to this matter. The March 8, 2015 deadline in the scheduling order was a deadline by which that motion was to be filed *if* Defendant Ibarra intended to move for summary judgment on those grounds. Defendant Ibarra has declined to do so here, but by doing so he has not failed to comply with the Court's order or defaulted.

Plaintiff is also reminded that Defendant Ibarra has moved for summary judgment under Rule 56 based on other grounds, in a motion timely filed and served on October 19, 2015. (ECF No. 28.) Concurrently with the motion, Plaintiff was provided a warning regarding his obligations in opposing summary judgment. (ECF No. 32.) Plaintiff should review these materials and comply with his obligations.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for default (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated:   **October 30, 2015**            /s/ *Barbara A. McAuliffe*    
                                                             UNITED STATES MAGISTRATE JUDGE