# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOMER EARL HAWKINS, | ) | 1:14-cv-00009-AWI-BAM (PC) |
| Plaintiff, | ) ) | ORDER REGARDING PLAINTIFF'S OPPOSITION TO JUDGE DENIAL |
| v. | ) ) | (ECF No. 37) |
| S. IBARRA, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Homer Earl Hawkins ("Plaintiff") is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action was removed to this Court on January 2, 2014. This action currently proceeds on Plaintiff's claim for excessive force in violation of the Eighth Amendment against Defendant Ibarra.

On October 30, 2015, this Court denied Plaintiff's motion for entry of default. (ECF No. 36.) On November 12, 2015, Plaintiff filed the instant motion, titled "Opposition to Judge Denial; Writ of Error; Bill in Equity; Judicature Acts 1873." (ECF No. 37.) Plaintiff's motion lacks clarity, but he appears to complain that the Court's ruling was incorrect, as he states that this Court "attempted to designate a wrongful decision of default." (Id. at 2.) Thus, the Court construes Plaintiff's motion/opposition as a Federal Rule of Civil Procedure 60(b)(6) request for reconsideration of the Court's October 30, 2015 order.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

1  clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals,
2  Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations
3  marks and citations omitted). Additionally, pursuant to this Court's Local Rules, when filing a
4  motion for reconsideration, a party must show what "new or different facts or circumstances
5  claimed to exist which did not exist or were not shown upon such prior motion, or what other
6  grounds exist for the motion." Local Rule 230(j).

7      Plaintiff has shown no grounds for any reconsideration of the Court's prior order. His
8  filing is devoted to the invocation of irrelevant, non-responsive statements indicating sovereign
9  citizen ideology, along with citation to inapposite authority (e.g., Depression-era statutes). See
10 United States v. Neal, 776 F.3d 645, 657 n.10 (9th Cir. 2015) (citing United States v. Mitchell,
11 405 F.Supp.2d 602, 603-06 (D. Maryland 2005) for description of "'sovereign citizen' belief
12 system"). He fails to show any error in the Court's ruling or any other grounds for relief.

13     Accordingly, it is HEREBY ORDERED that Plaintiff's motion for
14 reconsideration/objection to the October 30, 2015 order (ECF No. 37) is DENIED.

16 IT IS SO ORDERED.

17     Dated:  **November 30, 2015**      /s/ *Barbara A. McAuliffe*
18                                                           UNITED STATES MAGISTRATE JUDGE